The opinion of the Court was delivered by
GloveR, J.
The special injury alleged by the plaintiff, consists of the loss and deterioration in value of several cords of wood, caused by the defendant’s unlawful act in obstructing a public road. It is conceded, that whoever sustains a particular injury from a public wrong, beyond that suffered by the rest of the community, may maintain an action — consequently the motion for a non-suit was abandoned at the hearing, and the argument was confined to the motion for a new trial, on the ground of error in the charge. The jury were instructed, “ that in actions on the case, punitive damages might be found in the sound discretion of the jury, if evil motive or unworthy conduct, deserving punishment, had been established ágainst the defendant.”
The form of action furnishes no certain rule by which damages may be measured. In actions of contract the motive of the defendant is not generally an element which enters into the estimate of damages, but in actions of tort, a large discretion is allowed to the jury if the act be wilful or the intent malicious. The general rule adopted in injuries to person, character or property, whether the action be trespass or case, is that all the attending circumstances, showing a *286 malicious motive, may be given in evidence, and damages may be awarded not only to recompense tbe plaintiff- but to punish the defendant. In actions on the case where the act complained of was the result of negligence, exemplary damages are allowed; — as where injury arose from the defect of a bridge which the defendants were bound to repair, (Whipple vs. Walpole, 10 N. EL E. 130.) If personal property is maliciously injured or destroyed, in an action of trespass, the extent of relief is not limited to the actual loss, and in one case for beating a horse to 'death, where smart money was given, the Court said, “We should have been better satisfied with the verdict if the amount of the damages had been greater and more exemplary.” (Woert vs. Jenkins, 3 Johns. 56.)
Whether the relief is sought in trespass or case, for injury to personal property, all the surrounding circumstances that give color to the act and explain the motive, are admissible in evidence to ascertain if the act be the result of accident or negligence, or of deliberate and evil purpose, and, if from malfeasance, an amount beyond the pecuniary loss should be given, by way of punishment. In cases of tort to the person or character, damages must depend in a great measure upon the motive and degree of aggravation, and “ the verdict is generally a resultant of the opposing forces of the counsel on either side, tempered by such moderating remarks as the judge may think the occasion requires.” (Mayne on Law of Dam. 12.)
The injury to the plaintiff’s property whs caused by the deliberate act of the defendant in obstructing a public way, and by the conversion, subsequently, to his own use of so much of the wood as he had enclosed by his fence on the public landing. From the attendant circumstances his wanton conduct may be reasonably inferred — and if the plaintiff had endeavored either to re-possess himself of his property, or to assert his right to the use of the way by abating tbe nuisance, otherwise than by due course of law, the conse *287 quences probably would have been' a breach of the peace. Had th'e defendant acted on a mistaken opinion of bis right to the land, it would have weakened the presumption of a malicious purpose; but he both knew and had assented to the public right.
Where a nuisance is not abated, after one verdict, the jury may give punitive damages in a second action brought for the continuance of the nuisance, upon the ground, that from his failure to abate it, after verdict, it is presumed that the defendant’s original act was wilful, and from which an intention to continue the nuisance is inferred. If from the circumstances that give character to his act, his motive can be ascertained, in the first action, the plaintiff is entitled to such enhanced damages as will afford complete redress by a prompt abatement of the nuisance.
The plaintiff has set out his special damage, and we are of opinion that the evidence was properly admitted to show the defendant’s motive, and that the jury was not limited to the actual pecuniary loss. There was evidence from which the defendant’s wanton purpose may be inferred, and the amount of the verdict does not appear to exceed the bounds of wholesome example.
The authority of Hamilton vs. Feemster may be relied upon in support of this opinion, (4 Eich. 73.) That was an action on the case, and the charge was “ that if the evidence satisfied the jury that Feemster had taken up and caused to be committed to jail, as a runaway, the plaintiff’s negro, knowing he was not a runaway, and had done this act malevolently with a view to harass, vex and insult the plaintiff, they might give an amount of damages beyond that specially set forth in the declaration.” The damages were punitive and the charge was approved.
Motion dismissed.
Wardlaw, Whitner and Münro, JJ., concurred.

Motion dismissed.